# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:01-CR-326 CAS |
| DONALD YOUNG, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion for Relief from a Void Judgment Pursuant to Fed. R. Civ. P. 60(b). The motion will be denied.

Defendant pleaded guilty to one count of continuing criminal enterprise and one count of tampering with a witness on January 7, 2003. On March 27, 2003, the Court sentenced defendant to 120 months' imprisonment followed by 3 years of supervised release. Defendant did not file an appeal from the judgment.

Defendant now moves the Court for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4), arguing that the judgment is void because of procedural and constitutional defects. The motion will be denied because Fed. R. Civ. P. 60(b)(4) does not apply to criminal judgments. To properly attack a federal criminal judgment, a prisoner must file a motion pursuant to 28 U.S.C. § 2255.

Even if the Court were to construe the instant motion as a § 2255 motion to vacate, set aside, or correct sentence, the motion would be denied as time-barred. Under 28 U.S.C. § 2255:

The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's judgment became final well over one year ago, and none of the situations described in subsections (2)-(4) applies to this case. In consequence, defendant's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Relief from a Void Judgment Pursuant to Fed. R. Civ. P. 60(b) is **DENIED**. [Doc. 496]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_30th\_\_\_ day of October, 2007